**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

KEITH EDWARD ROSS,
        Petitioner,

v.                                                      CIVIL ACTION NO. 5:04CV13

WARDEN, Ohio County Correctional Complex,
        Respondent.

**MEMORANDUM, OPINION AND REPORT AND RECOMMENDATION
28 U.S.C. § 2254**

## I. INTRODUCTION

On February 4, 2004, the *pro se* petitioner, Keith Edward Ross, filed a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody. By Order entered on December 3, 2004, the Court ordered the respondent to file a response to the petition. On December 29, 2004, the respondent filed a Motion to Dismiss Petition as Untimely Filed and Memorandum in Support Thereof. On February 14, 2005, the Court issued a Roseboro Notice [1] advising the petitioner of his right to respond to the motion to dismiss and that the failure to do so may result in the dismissal of his action. The petitioner did not respond to the Roseboro Notice.

This matter, which is pending before me for initial review and report and recommendation pursuant to pursuant to LR PL P 83.09, is ripe for review.

## II. PROCEDURAL HISTORY

**A. State Proceedings**

On May 30, 1997, in the Circuit Court of Fayette County, the petitioner entered a plea of

---

[1] Roseboro v. Garrison, 528 F. 2d 309, 310 (4th Cir. 1975).

guilty to one count of burglary and one count of grand larceny. By order entered on June 4, 1997, the petitioner was convicted upon a plea of guilty to one count of burglary, case no. 97-F-87. By order entered on June 6, 1997, the petitioner was convicted upon a plea of guilty to one count of Grand Larceny, case no. 97-F-27. By Order entered on July 9, 1997, the petitioner was sentenced to 1-15 years on the burglary conviction and 1-10 years for grand larceny to run consecutively. The petitioner did not appeal his conviction or sentence.

On May 11, 1998, the petitioner filed a state petition for writ of habeas corpus in the Circuit Court of Kanawha County. In his state petition he challenged the legality of his incarceration in a regional jail instead of the state penitentiary as directed by the circuit court's sentencing order and West Virginia statute. By order entered on May 27, 1998, the petition was dismissed for lack of jurisdiction and transferred to the Circuit Court of Fayette County By order entered on June 17, 1998, the Circuit Court of Fayette County dismissed his petition. The petitioner did not file an appeal from the denial of his habeas proceedings.

**B. Federal Petition for Habeas Corpus**

The petitioner raised the following grounds in his § 2254 petition:

1. His lawyer was ineffective and told him he could not appeal his sentence.

2. The prosecutor violated his plea agreement by not recommending that his sentences run concurrently.

3. His bond was unconstitutional.

4. His sentence was more severe than expected, and he was mislead as to parole eligibility.

The respondent contends that the petition should be dismissed as being untimely.

### III. ANALYSIS

In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") was

enacted, establishing a one-year limitation period within which to file any federal habeas corpus petition. 28 U.S.C. § 2244(d).[2]

Section 2244 (d)(1) provides that the period of limitation will begin to run from the latest of four dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1); Hill v. Braxton, 277 F.3d 701 (4th Cir.2002); Harris v. Hutchinson, 209 F.3d 325 (4th Cir. 2000).

The petitioner does not contend that the state impeded his filing a § 2254 petition, that he is relying on a new rule of constitutional law made retroactive to cases on collateral review, or that he recently discovered the factual predicate of his claims. Thus, subsection one, the date his conviction became final governs the determination of whether the petitioner's § 2254 petition was timely filed.

The petitioner was sentenced by order entered on July 9, 1997. He did not file a direct appeal. Therefore, the petitioner's conviction became final on November 9, 1997, the date the time for

---

[2] The AEDPA applies to those cases filed after April 24, 1996, the effective date of the AEDPA. Lindh v. Murphy, 521 U.S. 320 (1997); Breard v. Pruett, 134 F.3d 615 (4th Cir. 1998), cert denied, 523 U.S. 371 (1998). Thus, the AEDPA applies to this petition.

seeking direct review expired.[3] Consequently, the petitioner had one year from November 9, 1997, or until November 9, 1998, to file a § 2254 petition. The statute of limitations began on November 10, 1997, and ran for 183 days until May 11, 1998, when the petitioner filed his state habeas petition. The statute of limitations was tolled until June 17, 1998, when the circuit court denied the petitioner's state habeas petition. Because the petitioner did not appeal the denial of his state habeas petition, the statute of limitations began on June 18, 1998, and ran until it expired on December 17, 1998. However, the petitioner did not file his § 2254 petition until February 4, 2004, more than 5 years after the statute of limitations expired. Thus, the petitioner's § 2254 petition is untimely. The petitioner has provided the Court with no information which demonstrates that his § 2254 petition was timely filed. Consequently, the undersigned recommends that the petitioner's § 2254 petition be denied as untimely.

## IV. RECOMMENDATION

It is recommended that the petition of Keith Ross filed pursuant to 28 U.S.C. § 2254 be DENIED and DISMISSED WITH PREJUDICE because the petition is untimely.

Any party may file, within ten (10) days after being served with a copy of this Recommendation, with the Clerk of the Court written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Frederick P. Stamp, Jr., United States District Chief Judge. Failure to timely file objections to the Recommendation set forth above will result in

---

[3]Pursuant to Rule 37(b)(3) of the West Virginia Rules of Criminal Procedure, "a petition must be filed with the clerk of the circuit court where the judgment, decree or order being appealed was entered within four months of the entry of the circuit court order." See also, City of Philipi v. Weaver, 540 S.E.2d 563, 566 (W. Va. 2000).

waiver of the right to appeal from a judgement of this Court based upon such Recommendation.[4]

The Clerk of the Court is directed to mail a copy of this Opinion/Report and Recommendation to the *pro se* petitioner and the West Virginia Attorney General.


Dated: April 26, 2005

/s/ James E. Seibert
**JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE**

---

[4] 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir.), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).