IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

KEITH EDWARD ROSS,

    Petitioner,

v.                             Civil Action No. 5:04CV13
                                        (STAMP)
WILLIAM FOX, Warden,

    Respondent.

## MEMORANDUM OPINION AND ORDER
## AFFIRMING AND ADOPTING REPORT AND
## RECOMMENDATION OF MAGISTRATE JUDGE

On February 4, 2004, pro se petitioner, Keith Edward Ross, filed a petition for a writ of habeas corpus by a person in state custody pursuant to 28 U.S.C. § 2254. The Court referred the motion to United States Magistrate Judge James E. Seibert for submission of proposed findings of fact and recommendation pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B). On April 26, 2005, the magistrate judge entered a report recommending that the petitioner's § 2254 petition be denied and dismissed with prejudice. The magistrate judge advised the parties that, pursuant to 28 U.S.C. § 636(b)(1)(C), any party may file written objections to his proposed findings and recommendations within ten days after being served with a copy of the magistrate judge's recommendation. To date, the parties have filed no objections.

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court is required to make a de novo review of those portions of the magistrate judge's findings to which objection is made. However, failure to file objections to the magistrate judge's proposed findings and

recommendation permits the district court to review the recommendation under the standards that the district court believes are appropriate and, under these circumstances, the parties' right to de novo review is waived.  See Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982); Web v. Califona, 486 F. Supp. 825 (E.D. Cal. 1979).  Accordingly, this Court reviews the report and recommendation of the magistrate judge for clear error.

In his § 2254 petition, petitioner contends that his sentence is unlawful because: (1) his lawyer was ineffective and told him that he could not appeal; (2) the prosecutor violated the plea agreement in his case by not recommending that his sentences run concurrently; (3) his bond was unconstitutional; and (4) his sentence was more severe than expected and he was misled as to his eligibility for parole.

In his report, the magistrate judge found that the petitioner failed to file his petition within the applicable statute of limitations.  He noted that the petitioner was sentenced on July 9, 1997 and his conviction became final on November 9, 1997, which was the expiration date for seeking direct review.  The magistrate judge concluded that the petitioner had one year from November 9, 1997 to file a petition under 28 U.S.C. § 2254.[1]  After reviewing

---

[1] Title 28, United States Code, Section 2244, which addresses finality of petitions under 28 U.S.C. § 2254, states in pertinent part:

> (d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The

2

the record, the magistrate judge found that the petitioner provided no evidence that the state had impeded his filing, that he was relying on a new rule of constitutional law made retroactive to cases on collateral review, or that his petition was based on newly discovered evidence. Thus, because the petitioner did not file his § 2254 petition until February 4, 2004, the magistrate judge found the petition to be untimely. Based on this analysis, the magistrate judge recommended that the § 2254 petition be denied.

Because the parties have not objected to the report and recommendation of the magistrate judge, and because this Court finds that the magistrate judge's recommendation is not clearly erroneous, the ruling of the magistrate judge is hereby AFFIRMED and ADOPTED in its entirety. Accordingly, for the reasons stated

---

limitation period shall run from the latest of --

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244.

above, petitioner's § 2254 petition is hereby DENIED. It is further ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

Moreover, under <u>Wright v. Collins</u>, 766 F.2d 841, 845 (4th Cir. 1985), the petitioner's failure to object to the magistrate judge's proposed findings and recommendation bars the petitioner from appealing the judgment of this Court.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the <u>pro se</u> petitioner and to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED: May 13, 2005

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE